IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILMINGTON PLANTATION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| FIDELITY NATIONAL TITLE ) | JURY DEMANDED |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Wilmington Plantation, LLC, files this civil action against Defendant, Fidelity National Title Insurance Company, and in support thereof states:

1. This is an action for breach of contract and equitable estoppel, with damages which exceed $75,000 exclusive of interests and costs. Plaintiff demands a jury trial as to all issues of fact raised by the pleadings.

## PARTIES

2. Wilmington Plantation, LLC ("Wilmington") is a limited liability company, organized and existing in the state of Tennessee, with its principal place of business located in Nashville, Davidson County, Tennessee.

3. Fidelity National Title Insurance Company ("Fidelity") is a corporation, organized and existing in the state of California, with its principal place of business located in Jacksonville, Duval County, Florida.

1

Case 3:10-cv-01218   Document 1   Filed 12/22/10   Page 1 of 9 PageID #: 1

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a): there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in Nashville, Tennessee and the defendant transacts business and can be found within the Middle District of Tennessee, Nashville Divison.

## STATEMENT OF FACTS

6. In August, 2004, Plaintiff Wilmington's predecessor in interest, Plantation Group, LLC, as buyer, entered into a real estate purchase agreement ("Agreement") with William M. Foster, Jr., ("Foster") as seller, for the purchase of 19.846 acres ("Property") in Chatham County, Georgia.

7. The Property is known as "Wilmington Plantation," a condominium development plat recorded in Condominium Plans Book 2 Page 12 of the Chatham County Records, Georgia and subject to a Declaration of Condominium recorded in Condominium Deed Book 243 Page 688 of the Chatham County Records, Georgia.

8. The Agreement provided that Plaintiff Wilmington, as buyer, was responsible for the cost of the premium for any owner's policy of title insurance issued in Wilmington's favor which insured its title to the Property.

2

9. J. Scott Vaughan, an attorney practicing in Chatham County, Georgia, acted as Defendant Fidelity's settlement agent for this transaction ("agent"); his duties included conducting the title search of the Property and preparing the closing documents.

10. Defendant Fidelity's agent Vaughn had previously provided legal services to Foster in connection with the Property.

11. Defendant Fidelity's agent Vaughn also acted as the lender's legal counsel in connection with the loan transaction that was closed simultaneously with the sale of the Property by Foster to Plaintiff pursuant to the Agreement.

12. As an incident to the sale of the Property, Defendant Fidelity issued both an *Owner's Policy of Title Insurance* ("Owner's Policy") and a *Loan Policy of Title Insurance* in connection with the Agreement. The Owner's Policy was issued to Plaintiff Wilmington and delivered to Wilmington's legal counsel, Waller Lansden Dortch & Davis, both located within the Middle District of Tennessee; the Loan Policy of Title was issued to AmSouth Bank and delivered to the lender's legal counsel, Sherrard & Roe, both also located within the Middle District of Tennessee.

13. The Owner's Policy identified Plaintiff, "Wilmington Plantation, LLC, a Tennessee Limited Liability Company, its successors and/or assigns," as the Insured, and the entirety of the 19.846 acre Property as the Insured Property.

14. The Owner's Policy stated that "The estate or interest in the land which is covered by this policy is FEE SIMPLE." The legal description of the Property as insured was set forth on Exhibit 1 to the Owner's Policy. *See* attached Exhibit A.

15. Per the Agreement, Foster conveyed the Property to the Plaintiff with full warranty of title, pursuant to a Warranty Deed dated August 2, 2005, recorded in Book

3

2920 Page 630, Chatham County Records, Georgia. After the closing, however, Plaintiff Wilmington discovered that Foster did not, in fact, own fee simple title to the Property as promised, and as insured by Defendant Fidelity.

16. On July 23, 2010, Plaintiff Wilmington submitted a notice of claim for coverage to Defendant Fidelity based on defects in Wilmington's fee simple title with notification that a lawsuit had been commenced against the seller, William M. Foster, Jr.[1]

17. On September 15, 2010, Plaintiff Wilmington received a letter from Defendant Fidelity denying coverage, based on alleged Schedule B exceptions to coverage. *See* attached Exhibit B. More than sixty (60) days have elapsed since the denial was issued.

## COUNT I: BREACH OF CONTRACT

18. Plaintiff Wilmington re-alleges and incorporates by reference paragraphs 1-17 of this Complaint as if fully set forth herein.

19. On July 26, 2005, Defendant Fidelity's agent Vaughn faxed Plaintiff Wilmington's then legal counsel, a copy of the proposed commitment for title insurance with "all exception copies except covenants." *See* attached Exhibit C.

20. The faxed commitment contained the following reference in Schedule B II (Exceptions) of the owner's policy: "Protective Covenants recorded in Deed Book 243-V, Page 688, Chatham County Georgia Records, as supplemented and amended." *See* Exhibit C, page 10.

---

[1] *Wilmington Plantation, LLC v. William M. Foster, Jr.* was filed on August 11, 2010 in the United States District Court, Middle District of Georgia, Macon Division, Case No. 5:10-CV-297.

4

Case 3:10-cv-01218 Document 1 Filed 12/22/10 Page 4 of 9 PageID #: 4

21. This was the *only* reference in the title commitment to an exception relating to covenants affecting the Property, or to any other matters relating to the condominium Declaration. Plaintiff Wilmington relied upon the title commitment as presented prior to closing and proceeded with its intended acquisition of the Property.

22. The closing for the Property occurred on August 3, 2005. On September 19, 2005, Defendant Fidelity issued the Owner's Policy. The terms of that Owner's Policy were materially different from the title commitment presented to, and relied upon by, Plaintiff Wilmington prior to closing.

23. First, the exception identified in paragraph 20 above had been modified to read: "Declaration of Condominium recorded in Deed Book 243-V, Page 688, Chatham County Georgia Records, as supplemented and amended."

24. Second, a new material exception appeared, which stated: "All units, rights, interests and common grounds previously conveyed pursuant to the Declaration of Condominiums recorded in Deed Book 243-V, page 688, Chatham County, GA public records." *See* attached Exhibit A.

25. Despite the fact that prior to the closing date, J. Scott Vaughn, Defendant Fidelity's agent, had been involved in at least 24 separate warranty deed transfers involving the Property, *none* of those transfers were disclosed to Plaintiff Wilmington, nor described on the title commitment, prior to closing.

26. In each of the transfers referenced in paragraph 25 above, the real property was legally described, in part, as "said unit being a portion of that certain tract or parcel of land containing 19.846 acres." *See e.g.*. attached Exhibit D.

5

27. Defendant Fidelity accepted Plaintiff Wilmington's premium payment for a title insurance policy covering 19.846 acres in fee simple, knowing that Foster's fee simple title to the Property was in fact substantially less than 19.846 fee simple acres.

28. Defendant Fidelity now seeks to deny Plaintiff Wilmington its rightful coverage under the Owner's Policy, under the pretext that the policy *as issued* excepts these prior transfers.

29. However, despite the exception set forth in paragraph 24 above, which was cited by Defendant Fidelity as a basis for denying Plaintiff Wilmington the benefit of insurance coverage under the Owner's Policy, units and common elements are not conveyed pursuant to a Declaration of Condominium; they are established by, and subject to, a Declaration, but they are *conveyed* to third parties by deeds. Fidelity's interpretation of this exception, even if applicable, is nonsensical, as that interpretation would exclude all units identified in Condominium Plans Book 2 Page 12, whether sold or unsold.

30. And despite numerous deeds which conveyed units from Foster to third parties which were filed in the Chatham County Records, and despite Defendant Fidelity's agent Vaugh's involvement in at least 24 of those transfers, none of the recorded deeds for the prior transfers of units were listed as exceptions in the Owner's Policy.

31. By denying Plaintiff Wilmington coverage under its Owner's Policy, Defendant Fidelity has breached its contract to insure Wilmington's fee simple title to the Property, and said denial has caused injury and damage to Plaintiff Wilmington.

32. Defendant Fidelity has not acted in good faith in denying Plaintiff Wilmington coverage under its Owner's Policy, as Defendant's denial is based solely on

6

Case 3:10-cv-01218  Document 1  Filed 12/22/10  Page 6 of 9 PageID #: 6

the two commitment exceptions which Fidelity added to the Owner's Policy after the policy was presented to, and relied upon, by Plaintiff to go forward with the closing on the Property. This "bait and switch" tactic is the essence of bad faith.

WHEREFORE, Plaintiff Wilmington respectfully requests this court to enter judgment for damages against Defendant Fidelity, including, but not limited to, the policy's value of $13.2 million, all costs and attorney fees incurred by Wilmington in its suit against William M. Foster, Jr., pre-judgment and post-judgment interest, damages pursuant to Tenn. Code Ann. § 56-7-105, costs, and attorney fees incurred in bringing this action, and for such other relief as the court deems just and proper.

## COUNT II: EQUITABLE ESTOPPEL

33. Wilmington re-alleges and incorporates by reference paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Defendant Fidelity's agent Vaughn failed to inform Wilmington of *any* of the more than 30 fee simple transfers of title to portions of the Property which occurred prior to August 3, 2005, including the 24 transfers which agent Vaughn handled yet failed to identify as exceptions in the Owner's Policy

35. Unbeknownst to Plaintiff Wilmington, Defendant Fidelity sold Wilmington a fee simple Owner's title insurance policy for this 19.846 acre Property which Fidelity and its agent Vaughn knew could not be owned in fee simple by Wilmington following the sale due to the numerous prior fee simple transfers of portions of the Property.

36. Defendant Fidelity's misrepresentation of this fact and other material facts induced Plaintiff Wilmington to act, and Wilmington, in good faith, reasonably relied on those representations to proceed with the Property closing.

37. Plaintiff Wilmington's reliance on Defendant Fidelity's misrepresentations was detrimental to Wilmington; not only did Wilmington purchase, at considerable cost, a title insurance policy that under Fidelity's interpretation is essentially worthless, it paid $13.2 million for fee simple title to 19.846 acres, which it did not receive.

38. Defendant Fidelity should be estopped from benefiting from its inducement of Plaintiff Wilmington to detrimentally rely on Fidelity's misrepresentations, injuring Plaintiff.

39. Defendant Fidelity has not acted in good faith by utilizing its own material misrepresentations as the basis to deny Plaintiff Wilmington coverage under its Owner's Policy.

WHEREFORE, Plaintiff Wilmington respectfully requests this court to enter judgment for damages against Defendant Fidelity, including, but not limited to, the policy's value of $13.2 million, all costs and attorney fees incurred by Wilmington in its suit against William M. Foster, Jr., pre-judgment and post-judgment interest, damages pursuant to Tenn. Code Ann. § 56-7-105, costs, and attorney fees incurred in bringing this action, and for such other relief as the court deems just and proper.

Dated: December 22, 2010

Respectfully Submitted,

/s/ *[signature]*

Richard J. Braun, Esq.    No. 010346

BRAUN & ASSOCIATES, PLLC
501 Union Street, Suite 500
Nashville, Tennessee 37219
Tel:    (615) 259-1550

Attorneys for Plaintiff
Wilmington Plantation, LLC