UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILMINGTON PLANTATION, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 3:10-1218 |
| v. ) | Judge Sharp/Brown |
| ) | **Jury Demand** |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant ) | |

TO: THE HONORABLE KEVIN H. SHARP

## REPORT AND RECOMMENDATION

Presently pending in this matter is a motion to dismiss the bad faith claims by the Defendant (Docket Entry 11) and a motion by the Plaintiff to amend the complaint to specifically add a bad faith damage claim under T.C.A. § 56-7-105 (Docket Entry 24). Both motions have been briefed and Judge Sharp has requested the undersigned to prepare a report and recommendation in this matter. For the reasons stated below, the Magistrate Judge recommends that the motion to dismiss bad faith claims pursuant to T.C.A. § 56-7-105 (Docket Entry 11) be **GRANTED** and that correspondingly that the motion to amend the complaint (Docket Entry 24) be **DENIED**.

## BACKGROUND

The complaint in this matter (Docket Entry 1) is styled as an action for breach of contract and equitable estoppel, with damages which exceed $75,000 exclusive of interests and costs (Paragraph 1). The complaint alleges that on August 2004 the

Plaintiff's predecessor purchased real estate in Georgia for a condominium development. As buyer of this property the Plaintiff secured title insurance. They allege that the attorney who conducted the title search was the Defendant's agent and as a result of the title search the Plaintiff bought the property thinking the property was conveyed in fee simple. They also secured a title insurance policy on the property from the Defendant.

Subsequently, the Plaintiff discovered that the seller did not in fact own the property with fee simple title, and that, in fact, the attorney preparing the title search had been involved in at least 24 separate warranty deed transfers involving the property, none of which were disclosed to the Plaintiff nor described in the title policy. They further contend that the policy, as actually issued, was different from the policy originally discussed.

Plaintiff alleged in Count I that the Defendant did not act in good faith in denying coverage inasmuch as their denial was based on two commitment exceptions, which they added to the policy after the policy was presented to and relied on by the Plaintiff to go forward with the closing. They alleged, "This 'bait and switch' tactic is the essence of bad faith" (paragraph 32).

In their prayer for relief on this count (Page 7 of the complaint) they allege damages pursuant to T.C.A. 57-7-105.

Count II alleges equitable estoppel in that the Defendant's agent, Attorney Vaughn, knew that the property could not be held in fee simple because of prior sales of numerous fee simple portions of the property. They contend therefore that the Defendant is estopped from benefitting from its inducement of the Plaintiff to enter into the purchase by relying on Defendant's misrepresentations.

In Paragraph 39 they specifically allege "Defendant Fidelity has not acted in good faith by utilizing its own material misrepresentations as the basis to deny Plaintiff Wilmington coverage under its Owner's Policy." They then continue at Page 8 of the complaint to again allege damages pursuant to T.C.A. § 56-7-105, along with other requests for damages. The lawsuit itself was filed on December 22, 2010.

The Plaintiff alleges at Paragraphs 16 and 17:

> 16. On July 23, 2010, Plaintiff Wilmington submitted a notice of claim for coverage to Defendant Fidelity based on defects in Wilmington's fee simple title with notification that a lawsuit had been commenced against the seller, William M. Foster, Jr.[1]
>
> 17. On September 15, 2010, Plaintiff Wilmington received a letter from Defendant Fidelity denying coverage, based on alleged Schedule B exceptions to coverage. *See* attached Exhibit B. More than sixty (60) days have elapsed since the denial was issued.

---

[1] *Wilmington Plantation, LLC v. William M. Foster, Jr.* was filed on August 11, 2010 in the Untied States District Court, Middle District of Georgia, Macon Division, Case No. 5:10-CV-297.

The policy in question is attached to the complaint as Exhibit A. Unfortunately, the Plaintiff did not, as required by the Local Rules, sequentially number the exhibit pages to the complaint, making it difficult for the Magistrate Judge to refer to a specific page. The letter referred to as Exhibit B is contained about half-way through the stack of the exhibits attached to the complaint.

The Plaintiff's motion to amend pleadings to add a specific bad faith claim was filed on May 20, 2011 (Docket Entry 25).

**LEGAL DISCUSSION**

The basic issues presented for decision are whether the Plaintiff's original complaint alleges a bad faith claim and, if so, whether they have shown that they meet the statutory requirements of T.C.A. § 56-7-105.

If the original complaint does not allege a bad faith claim, then the Plaintiff should be allowed to amend the complaint inasmuch as they sent a proper formal demand for payment pursuant to T.C.A. § 5-7-105 on February 11, 2011, and waited more than 60 days to file their request to amend the complaint on May 20, 2011.

In a motion for judgment on the pleadings the Court may only look at pleadings themselves. Considering matters outside the pleadings would convert the matter into a motion for summary judgment.

In this case there appears to be no factual disputes since the arguments concerning dismissal rely solely on the complaint and its attachments.

As the Court pointed out in *Topmost Chemical and Paper Corp. v. Nationwide Ins. Co.*, 2002 WL 1477880 *7 (W.D. Tenn. 2002):

> Tenn. Code Ann. § 56-7-105(a). Tennessee courts have repeatedly held that a plaintiff may not recover a bad faith penalty as set forth in the statute unless the plaintiff shows: (1) the policy of insurance, by its terms, has become due and payable, (2) a formal demand for payment was made, (3) the insured waited sixty (60) days after making his demand before filing suit, unless there was a refusal to pay prior to the expiration of the sixty (60) days, and (4) the refusal to pay was not in good faith. *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986) (citations omitted). Because this is a penalty statute, the requirements must be "strictly construed." *Walker v. Tennessee Farmer's Mut. Ins. Co.*, 568 S.W.2d 103, 106 (Tenn. Ct. App. 1977) (citing *St. Paul Marine & Fire Ins. Co. v. Kirkpatrick*, 129 Tenn. 55, 72 (1914)).

A formal notice of a bad faith claim was not submitted with the original complaint and its attachments. The Plaintiff does not contend in any of their responses that they submitted a demand that would trigger the bad faith claim prior to filing the lawsuit. In their response (Docket Entry 13-2) the Plaintiff attached a formal demand pursuant to T.C.A. § 56-7-105, dated February 11, 2011. No such demand was encompassed in the original complaint and its attachment.

The Magistrate Judge cannot agree with the Plaintiff's contention that they did not include a bad faith claim in their original complaint. The prayer for relief as to both Counts I and

II specifically request damages pursuant to T.C.A. § 56-7-105. There are simply no damages available under this section except for bad faith. There is also no reason to cite this statute if the Plaintiff did not intend to seek the penalties provided by that statute. The statute is penal in nature and its requirements must be strictly construed. The Plaintiff must show compliance to recover bad faith damages. *Walker v. Tennessee Farmer's Mut. Ins. Co.*, 568 S.W.2d 103, 106 (Tenn. Ct. App. 1977). The demand provided for in the statute is intended to operate as a fair warning to the insurer that the penalty will be claimed on failure to pay within 60 days. The demand requirement does not have any bearing on the right of the insured to enforce the contract itself. The formal demand is intended to put an insurer on notice that if it fails to pay it may be faced, in addition to the policy coverage itself, to an additional statutory penalty. Thus, the intent of the statute is to encourage settlement of claims. *St. Paul Fire & Marine Ins. Co. v. Kirkpatrick*, 164 S.W. 1186, 1190-91 (Tenn. 1914).

Both parties devote considerable attention to the case of *Schmitz v. Allstate Ins. Co.*, 2010 U.S. Dist. LEXIS 96049 (E.D. Tenn. 2010) (attached as Exhibit A to Docket Entry 13). That case was decided on summary judgment. Nevertheless, the actual holding of the case, rather than its extensive dicta, appears to the Magistrate Judge to be that the Plaintiff must allege all statutory requirements to maintain a bad faith claim.

The Court in *Schmitz* at \*18-\*20 discusses the case of *Mitchell v. New Hampshire Insurance,* 1990 WL 50723 (Tenn. App. 1990) which seems closer to the present case. In *Mitchell* the Court held the plaintiff did not seek any damages for bad faith in the original complaint. After suing for his fire losses the Plaintiff did make a formal bad faith demand and advised the insurance company he would amend to add bad faith. Nine months later he did amend, without objection, to add bad faith. The court, on that set of facts, allowed the bad faith claim.

As Judge Higgins pointed out in *Old Country Store v. Cincinnati Ins. Co.*, 590 F.Supp.2d 970, 975 (M.D. Tenn. 2008):

> It is the overt threat of § 56-7-105 litigation that is meant to trigger payment on the underlying policy by the insurer, and it is the failure to pay in the face of this threat that entitles the insured to the bad faith penalty.

As to the motion to dismiss, the Magistrate Judge concludes that the Plaintiff did specifically seek damages under T.C.A. § 56-7-105 and that at the time it sought such damages, it had not complied with the notice requirements of the statutes. Therefore any claims for bad faith damages are subject to dismissal.

Turning now to the motion to amend (Docket Entry 24) the Magistrate Judge believes that if he is correct in his conclusion on the first motion, then any effort to amend the complaint to add a bad faith claim later would be futile and thus subject to denial under Fed. R. Civ. P. 15.

7

The Plaintiff argues that they should be allowed to amend their complaint because they did not make a bad faith claim in their original complaint. If the Plaintiff was correct in this premise, the Magistrate Judge would agree that the Plaintiff should be allowed to amend their complaint, since a proper formal demand was submitted on February 11, 2011, and the motion to amend was not filed until 60 days thereafter. The case of *Mitchell v. New Hampshire Ins. Co.*, 1990 WL 50763 (Tenn. Ct. App. April 25, 2990) supports this conclusion if the original complaint did not allege a bad faith claim. In the *Mitchell* case it appears that the original suit did not make any allegations under T.C.A. § 56-7-105 and that following the filing of the suit the Plaintiff gave specific notice that unless the matter was resolved they intended to amend the suit to include the statutory allegations of bad faith. Mitchell then amended his claim, without objection, to include bad faith. *Mitchell* at *6.

The instant case is distinguishable from *Mitchell* because, in the Magistrate Judge's view, the Plaintiff specifically raised the issue of damages under T.C.A. § 56-7-105. Had they not intended to include a claim for bad faith damages, there would have been absolutely no need for this statute to be cited along with specific allegations of bad faith in both counts.

The Magistrate Judge would agree that if his recommendation on the motion to dismiss (Docket Entry 11) is

rejected then the Plaintiff's motion to amend (Docket Entry 24) should be allowed under the *Mitchell* reasoning.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Defendant's motion (Docket Entry 11) for judgment on the pleadings to dismiss all claims for relief alleging a violation of T.C.A. § 56-7-105 be **GRANTED** and that the Plaintiff's motion to amend the complaint (Docket Entry 24) be **DENIED** as futile.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 28th day of July, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge