UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILMINGTON PLANTATION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-1218 |
| ) | Judge Sharp |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This is an insurance coverage dispute. The Magistrate Judge has entered a Report and Recommendation "R & R" (Docket No. 28) in which he recommends that Defendant Fidelity National Title Insurance Company's ("Fidelity's") Motion for Judgment on the Pleadings (Docket No. 11) in relation to Plaintiff Wilmington Plantation, Inc.'s ("Wilmington's") bad faith claim under Tenn. Code Ann. § 56-7-105 be granted, and that Wilimngton's Motion for Leave to Amend Complaint (Docket No. 24) be denied. Upon *de novo* review in accordance with Fed. R. Civ. P. 72(b), the Court accepts the recommendations made in the R & R.

The Magistrate Judge's recommendations are based on the following premises: (1) Wilmington alleged bad faith in its initial Complaint; (2) Wilmington did not comply with Tenn. Code Ann. § 56-7-105 prior to filing its Complaint because it did not wait sixty days after making a formal demand for payment before filing a bad faith claim; and, (3) based on the first two factors, it would be futile to allow Plaintiff to amend its Complaint to add a bad faith claim. Having fully considered the record and the parties' arguments as set forth in their papers relating to the Motion for Judgment on the Pleadings and the Motion for Leave to Amend Complaint, the Court concurs

1

in the Magistrate Judge's framing of the issues, and his recommended dispositions.

Turning to the Objections, Wilmington argues that, "[p]ursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given when justice so requires in order to 'reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings.'" (Docket No. 30 at 1), quoting, Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)). While this undoubtedly is an underpinning of the liberal amendment policy of Rule 15(a)(2), Wilmington's failure to comply with the statutory requirements for pursuing a bad faith claim under Tennessee law was more than a technical pleading error.

Tenn. Code Ann. § 56-7-105(a) imposes a penalty of up to 25% and exposure to attorney's fees on insurers when they refuse, in bad faith, to pay a loss. As such, the statute "is penal in nature and must be strictly construed." Ginn v. Am. Heritage Life Ins. Co. , 173 S.W.3d 433, 443 (Tenn. Ct. App. 2004).

To recover bad faith penalties under the statute, Wilmington must allege and prove (among other things) that "a formal demand for payment [has] been made," and that it "waited 60 days after making demand for filing suit[.]" Id. Wilmington does not claim that it made a formal demand prior to filing its initial Complaint, let alone that it waited sixty days after such a demand before filing suit. Consequently, Wilmington did not comply with the pleading (or notice) requirements for a bad faith claim under Tenn. Code Ann. § 56-7-105(a).

Wilmington next asserts that any statutory omissions have been rectified because, after suit was filed, it sent a formal demand for payment of the claim to Fidelity, and then waited more than sixty days before seeking leave to amend its complaint to add a separate count alleging bad faith. Wilmington argues that since it has now met "the necessary element to establish a violation of th[e]

2

statute . . . leave to amend would not be futile." (Docket No. 30 at 1). Wilmington then cites Mitchell v. New Hampshire Ins. Co., 1990 WL 50723 (Tenn. Ct. App. April 25, 1990) for the proposition that "a cause of action for violation of T.C.A. § 56-7-105 does not require that a cause of action be filed at the time of the original filing of suit." (Id. at 2).

Wilmington's characterization of the holding in Mitchell underscores how the facts underlying that decision are wholly dissimilar form those presented here. Mitchell involved a situation where the insured filed suit regarding a fire loss, but did not seek the statutory penalties for bad faith in the original complaint. Subsequently, the insured made a formal demand for payment, and, when the demand was not paid, "apparently without objection," filed an amended complaint seeking the statutory penalty. Mitchell, 1990 WL 50723 at *6. Ultimately, the Tennessee Court of Appeals ruled that the "purpose of the statutory provision for 60 days formal notice were met" under the particular facts presented, but it did so only after observing that "the rights of the parties are not without doubt," and "[t]he issue is not clear." Id.

Likewise here, the issue is not without doubt, but the fact that this case is at least a step removed from Mitchell leads the Court to conclude that judgment on the pleadings in relation to the bad faith claim is warranted. This conclusion – that Plantation has effectively forfeited its bad faith claim in this suit by failing to comply with the statute – also warrants denial of the Motion to Amend because the amendment would be futile and subject to dismissal for failure to state a claim. See, Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (a proposed amendment is futile if the complaint, as amended, would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim).

Unlike the insureds in Mitchell, present Plaintiff sought statutory penalties for bad faith at

3

the inception of the lawsuit, and specifically prayed for "damages pursuant to Tenn. Code Ann. § 56-7-105" (Docket No. 1 at 8) in its prayer for relief, but did not comply with the requirements of the statute in seeking that relief. Indeed, according to the proposed Amended Complaint, "Wilmington sent its formal demand for payment of claim pursuant to T.C.A. § 56-7-105 on February 11, 2011." (Docket No. 25-1 at 10 ¶ 47). This was not only after Fidelity had been sued for bad faith and the statutory penalties, but also after it had filed its Motion for Judgment on the Pleadings.

"The purpose of the § 56-7-105 formal demand requirement 'is to allow the insurer to evaluate its reasons for denying the claim after being aware for 60 days that if the claim is not paid, the insurer faces the risk of exposure to a bad faith penalty claim,'" and "is thus intended 'to supersede the necessity of suit . . . the underlying thought being that the insurers on formal demand so made would, noting the warning, thereby be induced to pay the loss without suit[.]'" Cracker Barrel Old Country Store, Inv. Cincinnati Inc. Co., 590 F.Supp. 2d 970, 975 (M.D. Tenn. 2008) (citations omitted). "Given this understanding, that the prospect of bad faith litigation be made explicit emerges as critical; it is the overt threat of § 56-7-105 litigation that is meant to trigger payment on the underlying policy by the insurer, and it is the failure to pay in the face of this threat that entitles the insured to the bad faith penalty." Id. (citation omitted).

In this case, there was no warning or threat of bad faith litigation that could have induced Fidelity to pay the loss without suit. Rather, the actual demand came *after* statutory penalties for bad faith had been sought, and at a time when Fidelity was actively engaged in defending itself against a bad faith claim. By sending the required demand after bad faith had been alleged and statutory penalties sought, Wilmington effectively tried to do indirectly that which it could not do

4

directly: sue its insurer for bad faith without complying with the clear mandates of Tenn. Code Ann. § 56-7-105(a). Condoning such efforts under the factual circumstances of this case would effectively make the statutory requirements superfluous, and runs directly counter to the proposition that Tenn. Code Ann. § 56-7-105(a) is to be strictly construed.

Accordingly, the Court will enter an Order accepting the R & R, overruling Wilmington's Objections, granting Fidelity's Motion for Judgment on the Pleadings, and denying Wilmington's Motion for Leave to Amend its Complaint.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE